ESCHWEILER, J.    I also.

ATWOOD, Respondent, vs. GUGEL and another, Appellants.

*December 4, 1917—January 5, 1918.*

*Real-estate brokers: Commissions: Contract construed: "Net" price.*

Where the owners of a farm authorized a broker to sell it at a price of "$20,000 net to us," and the contract, made on November 18th, for the sale of the farm to a purchaser procured by the broker provided that the vendors should pay the taxes for that year (which under sec. 1153, Stats., would otherwise have been payable by the purchaser), the amount of such taxes is to be deducted from the $1,000 which the land sold for in excess of $20,000, and the balance is the commission due to the broker.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Reversed.*

Action to recover $1,000 commission for the sale of real estate.    November 11, 1916, the defendants in writing appointed plaintiff to sell their farm, stating therein that "our price for this property is $20,000 net to us," and that in

event of a sale for $20,000 or less to a customer of plaintiff they would pay him a reasonable commission. Seven days later defendants sold the land to a customer of plaintiff's for the sum of $21,000. The contract of sale provided that defendants should pay the taxes for 1916, amounting to $208.54, which they did. They claim plaintiff is entitled to a commission of only $791.46, or the difference between $1,000 and the amount of $208.54 taxes paid by them in order to enable them to make the sale, and seasonably tendered judgment for $791.46 and costs, which plaintiff refused. The facts were all stipulated and no evidence was taken. The court found that defendants were indebted to plaintiff in the sum of $1,000, and entered judgment against them for that amount with interest and costs. They appealed.

The cause was submitted for the appellants on the brief of *Hill & Spohn* of Madison, and for the respondent on that of *Gilbert & Ela* of Madison.

Counsel for appellants cited *Spear v. Door Co.* 65 Wis. 298, 304, 27 N. W. 60; *Gibbs v. People's Nat. Bank,* 198 Ill. 307, 64 N. E. 1060; *Scott v. Hartley,* 126 Ind. 239, 25 N. E. 826; 29 Cyc. 670; *Ford v. Ford,* 88 Wis. 122, 59 N. W. 464; *Thomas v. Columbia P. Co.* 144 Wis. 470, 129 N. W. 522; *St. John v. Erie R. Co.* 22 Wall. (89 U. S.) 137, 148; *Turnley v. Michael,* 4 Willson, Civ. Cas. Ct. App. (Tex.) § 223.

Counsel for respondent cited *Hobart v. Stewart,* 99 Minn. 394, 109 N. W. 704; *Wolverton v. Tuttle,* 51 Oreg. 501, 94 Pac. 961; *Scott v. Harley,* 126 Ind. 239, 25 N. E. 826; *Evans v. Haln,* 71 Pa. St. 69; *Dallas Co. v. Club L. & C. Co.* 95 Tex. 200, 66 S. W. 294; 29 Cyc. 672.

VINJE, J.  The contract for the sale of the land was entered into November 18th. At that time taxes were not a lien upon the property—much less due. The trial judge, therefore, is in error when he says it was the duty of the de-

fendants to pay them, just the same as any other incumbrance upon the property. In the absence of any agreement as to their payment no duty would have devolved upon the defendants to pay them at all. That duty would have rested upon the purchaser. Sec. 1153, Stats. 1915. In agreeing to pay them they agreed to pay a debt of the purchaser to become due in the future, and the net amount of the purchase price was reduced by the amount of the debt so paid.

The contract of agency between the parties was not, as plaintiff's counsel argue and the trial court assumed, that plaintiff's commission was the difference between the purchase price and $20,000. The contract provided that "our price for this property is $20,000 net to us." Any sum, therefore, which defendants were by the terms of the sale required by the purchaser to pay in order to consummate it— there being no other obligation upon them to pay such sum— must be deducted from the excess of the purchase price above $20,000 in order that the land should net them $20,000 as provided by the contract of agency. The balance is plaintiff's commission. No claim is made that defendants did not make as advantageous terms with the purchaser as possible. Hence it follows that defendants are entitled to deduct the amount of taxes paid, being the sum of $208.54, from the $1,000 the land sold for in excess of $20,000, and the balance, $791.46, is the commission due plaintiff. This was the amount of the judgment they tendered him.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff in the sum of $791.46, with costs in favor of defendants in both courts.